FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   / 1 - 2006   ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT DEWITT MILLS,

        Plaintiff,

-against-

THE UNITED STATES OF AMERICA, and
METROPOLITAN DETENTION CENTER,

        Defendants.
----------------------------------------X

CV-02-5597
(SJF)(LB)

**OPINION & ORDER**

FEUERSTEIN, J.

    Robert Dewitt Mills (plaintiff) commenced this action against the United States of American and the Metropolitan Detention Center (MDC) (collectively, defendants) on or about September 15, 2002. On August 22, 2005, plaintiff moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. On November 14, 2005, plaintiff moved for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Defendants cross-moved for summary judgment on December 7, 2005. For the reasons stated below, plaintiff's motions are denied and defendants' cross-motion for summary judgment is granted.

1

I.  Background

   A.  Factual Background[1]

On or about May 17, 2002, plaintiff was detained at the MDC in Brooklyn, New York, pending transfer to Jacksonville, Florida. Plaintiff alleges that when he arrived in Jacksonville, Florida, fifty dollars ($50.00) from his MDC account had not been transferred. (Affidavit of Robert DeWitt Mills in Support of Motion for Summary Judgment, dated Aug. 16, 2005 [Pl.'s Aff.], ¶ 6). On September 15, 2002, plaintiff commenced this action, seeking the return of fifty dollars ($50.00) from MDC, payment of legal fees and compensatory and punitive damages. (Compl.). In December 2002, the Bureau of Prisons (BOP) sent plaintiff a check for fifty dollars ($50.00), which he cashed. However, plaintiff refused to sign settlement papers with the United States Attorney's Office. In January 2003, plaintiff was tried and convicted on drug charges in Florida and he is currently incarcerated. Plaintiff alleges that his defense in Florida was hindered because of the "unreasonable delay" in receiving fifty dollars ($50.00) from the MDC.

II.  Analysis

   A.  Summary Judgment Standard

Summary judgment should not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] The facts are derived from plaintiff's affidavit and other evidentiary material filed in support of his motion for summary judgment, as well as defendants' statement of disputed material facts and the accompanying evidentiary material filed in response to the motion. The facts are undisputed unless otherwise indicated. Under Rule 56(c), "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party." See AAI Recoveries, Inc. v. Pijuan, 13 F. Supp.2d 448, 449-50 (S.D.N.Y. 1998); Clinical Partners, Inc. v. Guardian Life Ins. Co., No. 94 CV 1199, 1996 U.S. Dist. LEXIS 22226, at *4 (E.D.N.Y. May 30, 1996).

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material "if it 'might affect the outcome of the suit under the governing law.'" Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is genuine only if a jury could reasonably find in favor of the nonmoving party based on that fact. See id. The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See Anderson, 477 U.S. at 256 The trial court is required to construe the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in its favor. See id. at 252; Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

B.   Default Judgment Standard

Rule 55(e) provides that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Thus, "when the United States or a foreign sovereign defaults, the district court must determine whether the plaintiff's allegations are supported by evidence." Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 242 (2d Cir. 1994). "The rationale underlying Rule 55(e) is that the government is sometimes slow to respond and that the public fisc should be protected from claims that are unfounded but would be granted solely because the government failed to make a timely response." Marziliano v. Heckler, 728 F.2d 151, 157-58 (2d Cir. 1984).

C.   Application

Although the government has returned plaintiff's money, he also seeks damages in the amount of one-hundred and fifty thousand dollars ($150,000.00). During a telephone conference with Magistrate Judge Bloom in November 2002, plaintiff was informed that to seek damages, he would be required to satisfy administrative exhaustion requirements under the Prison Litigation Reform Act, 42 U.S.C. § 1997e (PLRA). (See Declaration of AUSA Michael L. Goldberger, Esq., in Support of Defendants' Motion for Summary Judgment, dated Dec. 6, 2005 [Goldberger Decl.], Ex. 3 at 6, 7, 11, 16, 20-22). The exhaustion requirement of the PLRA "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA's exhaustion requirement is designed to "afford[] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 524-25. Even when a prisoner seeks money damages exhaustion is a prerequisite to suit. Id. at 524.

Plaintiff contends that, by being deprived of fifty dollars ($50.00) for seven months, his legal defense in Florida suffered because he was unable to contact family members who could help him find a criminal defense attorney. (Goldberger Decl., Ex. 6). Plaintiff's claim involves "prison conditions" under the PLRA, thereby making it mandatory that he exhaust any administrative remedies before filing a complaint in federal court. See 42 U.S.C. § 1997e(a)(providing that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

In order to exhaust a claim, BOP regulations provide that an inmate must first file an

Administrative Remedy Request Form (BP-9 form). See 28 C.F.R.§ 542.14. If his claim is still not resolved, he may appeal to the Regional Director. 28 C.F.R.§ 542.15. As a final step, the inmate may appeal to the office of the General Counsel. Id. Only if plaintiff is dissatisfied with the final action by the BOP may he file suit. In the alternative, a prisoner may file suit if he has not received a settlement proposal or a denial of his claim within six months of filing his claim. 28 C.F.R. § 543.32(i). According to Rina Desai, Staff Attorney for the BOP, plaintiff never filed a PLRA claim form and therefore, never received a final agency determination on his claim for damages resulting from any delay in remitting the fifty dollars ($50.00) to plaintiff. (Declaration of Rina Desai, Esq., dated Dec. 6, 2005 [Desai Decl.], ¶ 6).

Exhaustion of administrative remedies is not a jurisdictional prerequisite, and it is an affirmative defense that may be waived. Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004). However, defendants have raised the issue of administrative exhaustion and plaintiff has not challenged that assertion or demonstrated "special circumstances" to excuse the exhaustion requirements. See Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004). Although plaintiff states that because he was in a county jail he did not have access to "a B.O.P. remedial process" (Opposition Motion to Defendants' Motion for Summary Judgment, dated Dec. 18, 2005, at 4), the fact that plaintiff was moved from a federal detention center to federal custody in a county jail does not relieve him of the obligation to pursue the grievance procedures available in the facility where the conduct occurred. Thomas v. Henry, 02 CV 2584, 2002 U.S. Dist. LEXIS 8086, at *3-4 (S.D.N.Y. May 7, 2002); Santiago v. Miensen, 89 F. Supp. 2d 435, 440-41 (S.D.N.Y. 2000); (see also 28 C.F.R. § 542.14(c)(4) ("CCC inmates may mail their Requests to the CCM.").

To the extent that plaintiff's claim is not considered one regarding "prison conditions," plaintiff was required to follow the administrative filing requirements of the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq* (FTCA). Pursuant to the FTCA, plaintiff had two years to file an administrative claim with the BOP which he failed to do. See Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719 (2d Cir. 1998).

In addition to his failure to comply with administrative exhaustion requirements, plaintiff's claim constitutes an impermissible collateral attack on his conviction. Heck v. Humphrey, 512 U.S. 477, 484-85 (1994). Based upon the foregoing, plaintiff's motion for summary judgment is denied, the complaint is dismissed and summary judgment is granted to defendants.

III. Conclusion

The clerk is directed to close this case.

IT IS SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 26, 2006
Brooklyn, New York

Copies to:

Robert DeWitt Mills
#17863-050
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

United States Attorney's Office
One Pierrepont Plaza, 14th Floor
Brooklyn, New York, 11201